JUDGE SWAIN

11 CIV 7383

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Mechel Drelich,

                 Plaintiff,

-against-

Midland Credit Management, Inc.,

                 Defendant.

Civil Action No.:

ECF CASE - LTS

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

RECEIVED OCT 19 2011 U.S.D.C. S.D.N.Y. CASHIERS

---

    Plaintiff Mechel Drelich ("Plaintiff" or "Drelich"), by and through his attorneys, FREDRICK SCHULMAN & ASSOCIATES, Attorneys at Law, as and for his Complaint against the Defendant Midland Credit Management ("Defendant" or "MIDLAND"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of Sec. 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff is a resident of the State of New York, County of Rockland, residing at 4 Kakiat Lane, Spring Valley, New York 10977.

3. Defendant is a collection firm with a principal place of business at PO Box 60578, Los Angeles, California 90060, and, upon information and belief, is authorized to do business in the State of New York.

4. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC Sec. 1331, as well as 15 USC Sec. 1692 et. seq. and 28 U.S.C. Sec. 2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. Sec. 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. Upon information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. On or about July 8, 2011, Defendant sent an initial letter in which the balance due was listed as $2,954.23. Said letter contained a 30-day validation notice to Plaintiff.

10. Plaintiff timely sent a letter to Defendant disputing the alleged debt and requesting validation.

11. On or about August 26, 2011, Defendant acknowledged the dispute and sent Plaintiff a second letter requesting his assistance in the investigation of the dispute.

12. Subsequently, notwithstanding said dispute, on September 1, 2011, Defendant sent a third collection letter attempting to collect the disputed debt before it was validated.

13. Said failure on the part of Defendant is a violation of the FDCPA, 15 U.S.C. § 1692g(b), which mandates a debt collector cease collection efforts until the debt is validated.

14. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

16. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to 15 USC §1692g(b).

17. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

18. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mechel Drelich demands judgment against the Defendant Midland Credit Management, as follows:

A. For actual damages provided and pursuant to 15 USC Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC Sec. 1692k(a)(2)(A);

C. For attorneys' fees and costs provided and pursuant to 15 USC Sec. 1692k(a)(3);

D. A declaration that the Defendant's practices violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursement of this action, as this Court may deem just and proper.

Dated: New York, New York
      September 20, 2011

                                        Respectfully submitted,

By: _____
        Samuel A. Ehrenfeld
FREDRICK SCHULMAN & ASSOCIATES
Attorneys at Law
Attorneys for Plaintiff
30 East 29th Street
New York, New York 10016
(212) 796-6053